UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

UNITED STATES OF AMERICA          :

   -v.-                           :         S1 13 Cr. 339 (RPP)

DAVID RILEY, and                  :
MATTHEW TEEPLE,
                               :
        Defendants.
                               :
-----------------------------------x

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS REQUEST FOR A RULING CONCERNING EVIDENCE OF DEFENDANT DAVID RILEY'S PRIOR GOVERNMENT EMPLOYMENT

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America.

Telemachus P. Kasulis
Sarah E. McCallum
Assistant United States Attorneys

Michael Holland
Special Assistant United States Attorney

   -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    -v.-                                              :          S1 13 Cr. 339 (RPP)

DAVID RILEY, and                           :
MATTHEW TEEPLE,
                                         :

            Defendants.
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS REQUEST FOR A RULING CONCERNING EVIDENCE OF DEFENDANT DAVID RILEY'S PRIOR GOVERNMENT EMPLOYMENT

The Government respectfully submits this memorandum of law in support of its request for a ruling that certain evidence which defendant David Riley intends to introduce at trial concerning his prior government service is inadmissible. Specifically, the Government seeks a ruling that the only facts Riley should be permitted to adduce concerning his prior employment with the Central Intelligence Agency ("CIA") and the United States Air Force (the "Air Force") are that he was employed by the CIA in an information technology support role, that he worked for the Air Force before that, and the dates of his government employment, which ended well over a decade before the crimes charged in this case. Moreover, he should only be permitted to adduce these facts as general witness background information during his own testimony, should he choose to take the stand.

The Government is making this motion now, in advance of the parties' agreed-upon deadline for filing motions *in limine*, because a prompt resolution of the issue in accord with governing law should obviate the need to engage in what might otherwise be protracted litigation under the Classified Information Procedures Act ("CIPA") and thus avoid potential delay of the upcoming trial, which is scheduled to begin April 23, 2014.

**BACKGROUND**

In March 2013, Riley and his co-defendant, Matthew Teeple, were arrested and charged with participating in a conspiracy to commit securities fraud, as well as with substantive securities fraud violations. The gist of the allegations in the original criminal complaint, the Indictment that followed in May 2013, and the Superseding Indictment filed on February 20, 2014, is that Riley, who was at the time an employee of Foundry Networks, Inc. ("Foundry"), passed material, nonpublic information ("Inside Information") to Teeple about Foundry, including Inside Information relating to the acquisition of Foundry by Brocade Communications Systems, Inc. ("Brocade") that was announced on July 21, 2008. Teeple then caused others, including his employer, Investment Adviser A, to execute transactions in Foundry securities based in whole or in part on the Inside Information.

In a short conversation on or about February 7, 2014, nearly a year after Riley's arrest and eight weeks before trial, Riley's counsel informed the Government that Riley intended to introduce into evidence classified information concerning the details of his former service with the CIA, which ended in 1995. Then, in a letter dated February 19, 2014, counsel demanded that the Government "lift" any "restrictions" on Riley's ability to proffer classified information about his service not just with the CIA but also with the Air Force before that: "In the event Mr. Riley were to testify at the trial in his own defense, and even if he elects not to testify, as he might, I will insist that any disclosure restrictions be 'lifted' so that Mr. Riley may testify fully as to his activities while in Government service and/or so that the jury may come to know, through other evidence, the person accused." (Letter from John Kaley, Esq. to Assistant U.S. Attorney Telemachus Kasulis, dated Feb. 19, 2014 (a copy of which will be provided to the Court as Exhibit A for filing under seal).) Other than asserting that "[i]t will be important for Mr. Riley's trial jury to understand fully his background and his years of Government service," the letter offered no explanation of how the proffered

2

evidence would be relevant to any issue at trial. In oral discussions with Riley's counsel since the February 19 letter, the Government has learned that Riley intends to call as "character" witnesses active and/or former members of the CIA and/or Air Force, from whom counsel intends to elicit details of Riley's prior government employment. Yet to date, with only five weeks left before trial, counsel has not identified any pertinent character trait as to which this testimony would relate, and has generally failed to articulate to the Government how the details of Riley's government employment, which terminated well over a decade before the offenses charged, are relevant to any material issue in the trial.

Following the conversation with Riley's counsel on or about February 7, 2014, the Government immediately contacted representatives of the CIA to inform them of Riley's anticipated request. Promptly following receipt of Riley's February 19 letter, which mentioned the Air Force in addition to the CIA, the Government alerted the Department of Defense. The Government also informed Riley's counsel that defense requests to use classified information during criminal trials are governed by the procedures set forth in CIPA, *see United States* v. *Aref*, 533 F.3d 72, 78 (2d Cir. 2008) (explaining that CIPA "establishes procedures for handling classified information in criminal cases"), which mandates, among other things, that a defendant give detailed notice of precisely what evidence he intends to adduce. *See United States* v. *Al Kassar*, 582 F. Supp. 2d 498, 499 (S.D.N.Y. 2008) (citing 18 U.S.C. app. 3 § 5). To do so, counsel for the defendant must have the security clearances necessary to learn the classified information the defendant intends to use. *See, e.g., United States* v. *Hasan*, No. 10 Cr. 56, 2010 WL 9089148, at *1 (E.D. Va. May 21, 2010).

Here, nearly a year after his arrest, Riley has yet to give CIPA § 5 notice. Indeed, counsel for Riley has not yet even received the clearances that would be needed for him to *prepare* the requisite notice. The Government is currently engaged in trying to help facilitate that clearance process.

3

Assuming that an adequate CIPA § 5 notice were to be prepared and filed, the Government would then move the Court to "'conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information,' pursuant to the standards of the Federal Rules of Evidence." *United States* v. *Al Kassar*, 582 F. Supp. 2d at 499 (quoting 18 U.S.C. app. 3 § 6; citing *United States* v. *Wilson*, 750 F.2d 7, 9 (2d Cir. 1984)). If the Court were to authorize disclosure of classified information, the Government would likely move, under CIPA § 6(c)(1), that the Court order, *inter alia*, "the substitution for such classified information of a summary of the specific classified information." Upon such motion, the Court would have to conduct a hearing, and "grant such a motion . . . if it [were to find] that the . . . summary [would] provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. app. 3 § 6(c)(1). If the Court were to deny the Government's motion for a substitution, the Government would be entitled, pursuant to CIPA § 7, to pursue an interlocutory appeal from the ruling of the court "authorizing the disclosure of classified information." 18 U.S.C. app. 3 § 7.

The Government is filing this motion to secure a ruling that would obviate the need to proceed through each of these stages of CIPA litigation—a ruling to which, as explained below, the Government believes it is entitled under the circumstances in light of the controlling law of this Circuit.

## ARGUMENT

### A.  Applicable Law

Evidence is relevant under Federal Rule of Evidence 401 if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Under Federal Rule of Evidence 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by

a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Even if relevant and not barred by Rule 403, some types of evidence are simply inadmissible. One such category is evidence adduced by a defendant of his own prior good—or even just non-criminal—acts to try to establish his innocence. *See United States* v. *Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."). While the accused may introduce evidence of a "pertinent trait of character" under Federal Rule of Evidence 404(a)(1) through generalized opinion or reputation testimony, *see* Fed. R. Evid. 405(a); *United States* v. *Nektalov*, No. S2 03 Cr. 828 (PKL), 2004 WL 1637010, at *1-3 (S.D.N.Y. July 21, 2004) (summarizing principles governing application of Rule 405(a)); *United States* v. *Chan*, No. S11 97 Cr. 1053 (PKL), 2002 WL 109528, at *1-2 (S.D.N.Y. Jan. 25, 2002) (same), Federal Rule of Evidence 405(b) expressly precludes proof of the defendant's good character by specific acts where, as here, the defendant's character or trait of character is not an essential element of the crime charged. *See, e.g., United States* v. *Benedetto*, 571 F.2d 1246, 1249-1250 (2d Cir. 1978) (explaining that defense-proffered character evidence of defendant's specific acts in the past was improperly admitted because "character evidence has long been admissible only in the form of reputation and not in the form of a recitation of good or bad acts"); *United States* v. *Nektalov*, 2004 WL 1637010, at *2 (explaining that defendant "may offer direct testimony about his good character, but must do so by testimony about his reputation and by opinion testimony, and not by testimony about specific instances of conduct").[1] Moreover, even generalized reputation or opinion testimony is relevant and

---

[1] As the Advisory Committee Notes and applicable case law make plain, cases in which character is an essential element of the crime charged are rare: "Illustrations are: the chastity of the victim under a statute specifying her chastity as an element of the crime of seduction, or the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver." Advisory Committee Note to Fed. R. Evid. 404(a); *see, e.g., United*

5

admissible only if not remote in time from the date or dates of the offenses charged. *See, e.g.*, *United States* v. *Whitmore*, 359 F.3d 609, 616-17 (D.C. Cir. 2004) (affirming ruling excluding reputation evidence as based on contacts too remote in time from events at issue); *United States* v. *Candelaria-Gonzalez*, 547 F.2d 291, 294 n. 5 (5th Cir.1977) (observing that "[c]haracter witnesses have been allowed to testify as to reputation existent prior to and not remote from the date of the offense").

**B.     Discussion**

Applying the Federal Rules of Evidence to this case, the only facts concerning his prior government employment about which Riley should be permitted to testify are that he worked from 1987 to 1995 in an information technology support role for the CIA, that he was with the Air Force before that, and the dates of his employment—facts which are themselves only even arguably relevant as background about the testifying witness. *Cf.* Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* ¶ 401.04[4][a] ("The trial court may admit evidence that does not directly establish an element of the offense charged in order to provide background for the events or occurrences alleged."). He should not be permitted to testify about the details of his prior government service, nor should he be permitted to adduce by means other than his own testimony the general facts that he once worked at the CIA and the Air Force, because those facts are at best admissible only as background information about Riley as a witness.[2]

---

*States* v. *Doyle*, 130 F.3d 523, 542 (2d Cir. 1997) (explaining that "the exception of Rule 405(b)" cannot be read to "swallow the general rule of 405(a) that proof of specific acts is not allowed"); *Shakur* v. *United States*, 32 F. Supp. 2d 651, 668-69 (S.D.N.Y. 1999) (discussing this rule).

[2] Notably, although counsel recently announced an intention to call federal agents as "character" witnesses for Riley, he does not appear to have complied with the *Touhy* process for securing such testimony, an obligation as to which the Government has informed counsel. *See, e.g.*, *United States* v. *Passaro*, 577 F.3d 207, 221 (4th Cir. 2009). To the extent Riley intends to call any *covert* employee of the CIA, that request would trigger CIPA procedures.

Solely for the purposes of this motion, the Government assumes, without in any way representing, that Riley's employment records with the CIA and the Air Force were exemplary, that he received the highest accolades and awards, and that he had the highest security clearances available.[3] Even assuming all of this, however, none of these hypothetical facts, nor any of the details of Riley's government employment, would be admissible. As explained above, a defendant may not adduce specific facts regarding favorable or even simply non-criminal aspects of his past to try to establish his innocence. The Second Circuit's decision in *United States* v. *Doyle*, 130 F.3d 523 (2d Cir. 1997), is illustrative. There, the Court affirmed a district court's ruling precluding a defendant who was charged with offenses relating to the illegal export of fuel pumps from adducing evidence of specific acts he had taken in cooperation with the U.S. Army Intelligence Agency. *Id.* at 541-42. The Court explained, first, that "[t]he trial court was well within in its proper authority to decide either that Doyle's past cooperation with army intelligence had no bearing on the crimes charged, or that any probative value was substantially outweighed by the risk of confusing the jury with extraneous matters, or of wasting the court's and jury's time." *Id.* at 542. The Court went on to hold that the evidence was in any event inadmissible under Rule 405(a) because it related to "specific acts" of the defendant. *Id.* The Court rejected the defendant's argument that specific act evidence concerning his cooperation with the intelligence agency should have been admitted in his particular case because he had been charged with violating a national security policy, finding that "if specific good deeds could be introduced to disprove knowledge or intention, which are elements of most crimes, the exception of Rule 405(b) would swallow the general rule of 405(a) that proof of specific acts is not allowed." *Id.*

*United States* v. *Wilson*, a decision of the Honorable Edward Weinfeld, is to the same effect. *See* 586 F. Supp. 1011 (S.D.N.Y.), *aff'd*, 750 F.2d 7, (2d Cir. 1984). The

---

[3] The Government assumes these facts to permit resolution of an evidentiary issue that can be resolved without resort to CIPA, and to thus obviate the need to invoke CIPA procedures.

7

defendant in *Wilson*, who was charged with plotting to assassinate a number of federal agents and officers, sought to adduce evidence of his work on behalf of and with the CIA and other intelligence agencies to show that he lacked any motive or intent to harm government agents. *See id.* at 1014. The court ruled the evidence to be irrelevant. *Id.* at 1015-16. It went on to conclude that, even if relevant, the evidence was properly excluded under Rule 403 as distracting and confusing to the jury, and because it would "unduly delay the trial": "it would bring before the jury matters utterly irrelevant to the basic charge in this case and serve to divert the jury's attention from those basic issues." *Id.* Finally, the court held that although the defendant would be permitted to testify in his own defense about "the fact of his employment with various agencies in the United States intelligence community and to the fact that he was involved in covert operations," he could not offer any details of that employment or otherwise present evidence, whether through his own testimony or that of character witnesses, regarding specific acts he had undertaken. *Id.* at 1016-17.

As *Doyle* and *Wilson* make plain, even where there is some claimed connection between the charge against the defendant and his former government service (in *Doyle*, the purported relation between a charge of violating a national security policy and evidence of the defendant's cooperation with government intelligence agencies; in *Wilson*, the purported relation between a charge of violence against federal officers and evidence of cooperation and friendship with government officials), evidence—both classified and unclassified—about the details of a defendant's prior government service are inadmissible. *A fortiori*, here, where the charges relate not to government officials or policies but to insider trading, and where the facts sought to be adduced relate to a period at least *thirteen years prior* to the events at issue, such evidence must be precluded. *See Al Kassar*, 582 F. Supp. 2d at 500 (holding that classified information "relating to past contact between the defendants and government officials" was inadmissible because the information, "relating to contacts

8

that not only occurred many years prior to the events at issue in this case but that themselves related to wholly different events, has no such probative value and is, instead, only likely to inject irrelevancy and confusion into this case if allowed in evidence"). The proffered evidence has no relevance to any issue at trial, is inadmissible under Rule 405(a) and (b), and would serve no purpose other than to distract the jury.

Because the law is so clear on this point, and because, as noted, the Government is assuming for purposes of this motion that the details Riley seeks to adduce would be favorable to him in all conceivable respects, there is no need to delay ruling on the matter—and thus potentially delay the trial date—by awaiting fulfillment of all the steps required to proceed to a CIPA Section 6 hearing, beginning with the filing of a detailed CIPA § 5 notice by Riley's counsel, which itself cannot be accomplished until counsel receives the necessary clearances.

## CONCLUSION

The Government respectfully submits that the Court should GRANT its request for a ruling precluding Riley from adducing at trial evidence concerning the details of his employment with the CIA and the Air Force.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Telemachus P. Kasulis
Sarah E. McCallum
Assistant United States Attorneys
Tel.: (212) 637-2411/1033

Michael Holland
Special Assistant United States Attorney
Tel.: (212) 637-2353

9