# DOAR RIECK KALEY & MACK

ATTORNEYS AT LAW

JOHN JACOB RIECK, JR.
JOHN F. KALEY
WALTER MACK
EDWARD SCARVALONE

SPECIAL COUNSEL
JOHN DOAR

OF COUNSEL
AMY ROTHSTEIN
EILEEN MINNEFOR
JAMES I. WASSERMAN
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

June 4, 2014

**By ECF Filing**
Hon. Robert P. Patterson, Jr.
United States District Judge
500 Pearl Street
New York, New York 10007

> Re: United States v. David Riley,  2013 Cr. 339 (RPP)
> Motion To Adjourn The Trial
> Oral Argument Requested

Dear Judge Patterson:

I represent David Riley in the above-referenced matter.  I write now to request an adjournment of the current trial date of July 7, 2914 to September, 2014.  The reasons for this request can be divided into two categories: case related matters and personal matters.  They are discussed below.  Given the confluence of these matters, we can not possibly be ready to try this case on July 7, 2014 and respectfully request that the trial start date be adjourned.

## Case Related Matters

As Your Honor is aware, on May 28, 2014, Mr. Riley's co-defendant, Matthew Teeple, pleaded guilty to the conspiracy charged in Count One of the Indictment.  This changes the complexion of the case substantially and now has shifted an enormous amount of work and analysis to Mr. Riley, which up to this point, we had been anticipating that Mr. Teeple's "team" would be providing and Mr. Riley only would be supplementing.  Mr. Riley and his counsel now will have to undertake the entirety of this work.  For example:

a) Mr. Teeple had retained the services of an expert witness to provide analysis and testimony regarding, among other topics, the trading patterns of Investment Advisor "A," and the fact that the alleged inside information already was public and known in the public markets.  We have not spoken previously to this expert and given Mr. Teeple's plea, we

Hon. Robert P. Patterson, Jr.                    -2-                              June 4, 2014

anticipate that the information and work of this expert now will not be available to Mr. Riley and that Mr. Riley will need to engage his own expert witness, and at significant expense. Additionally, regarding the expert witness previously retained by Mr. Teeple, even were we given access to the expert by Mr. Teeple, that expert had not addressed the new claims in the Government's amended May 1, 2014 bill of particulars concerning the claims relating to February 2008, October 9, 2008 and September 2007. Additionally, as we indicated at our last conference, we do not even have the IM's from Investment Advisor A for 2007.

       b) We had anticipated that Mr. Teeple's counsel was going to provide a witness who had analyzed certain other records and was being prepared to give summary testimony regarding certain documents to be presented in evidence at trial. That too will no longer be available. We are working now to have our own summary witness but that witness will need time to review the voluminous records so as to be able to testify at trial regarding his/her review of them and present informative testimony.

       c) We have not had contact with any of the witnesses on Mr. Teeple's witness list. We are aware generally of the substance of their anticipated testimony and we understood that much of it will be helpful to Mr. Riley. We now will have to interview those witnesses ourselves and prepare them to testify for Mr. Riley.

       d) We already had discussed with Mr. Teeple's attorneys which of us was taking the lead in cross-examining certain of the Government's witnesses and understood a division of work accordingly. We now will need to take on all of that work. All of this simply cannot be done in the 33 days remaining until July 7, 2014.

       e) Lastly, an important defense witness residing in California recently has advised me that he is unavailable in mid-late July due to a long-planned family reunion vacation beginning July 20, 1014, in Oregon, where he has rented a house for the reunion. This witness is essential to Mr. Riley's defense.

**Personal Matters**

       Several personal matters also are impacting our ability to be ready for trial on July 7, 2014. They have consumed substantial time and will continue to do so.

       a) As I mentioned to Your Honor at our last conference, Mr. Riley's father has not been well. He suffers from congestive heart failure. He has been released from the hospital and is back at his home in Kentucky, but his condition is not good. His heart valve, which can not be fixed because of his too weakened condition, is leaking blood into his body. A catheter, put in place during his hospitalization to help reduce the buildup of his body fluids, cannot be removed at this point because of other aliments. His heart function is at 20%. He has had a pacemaker implanted but that, while helpful, is not a long-term solution. In addition to the time he spent in Kentucky with his father during his father's hospitalization, Mr. Riley spends

Hon. Robert P. Patterson, Jr.                    -3-                    June 4, 2014

significant time in phone conversations with his father and with his father's physicians. To say that this has been a serious distraction for Mr. Riley would be an understatement.

b) Mr. Riley plans to relocate his family from California to North Carolina as he can no longer afford his home and the cost of living in California. He has been unemployed now for six months, as a result of the pendency of this case (previously he had been on leave with pay). He plans to rent his home in California and take up residence at a small condominium in North Carolina owned by Mr. Riley and his wife. They already have notified his son's school that his son (now finishing 9th grade) will not be back next year. Mr. Riley is hoping to move his family next month. Residing in the East also will make visits with his father more possible.

c) For Mr. Riley's counsel, these last 12 days also have been quite difficult. On May 24, 2014, one of our first cousins was killed in a tragic and horrifying automobile accident, under circumstances difficult to comprehend and piece together, except for the final result. He suffered a horrible death, basically crushed by his own vehicle as it rolled backward over him and dragged him 20-30 feet down an incline. He was pinned under the vehicle and crushed and without oxygen for 30-40 minutes. Our only hope is that he went into shock quickly so that he was not conscious for long and that he did not suffer too greatly. We have tried our best to comfort his wife (who was with him at the time and saw him pinned under the vehicle), his two children, his brothers and sisters and others in our family. The funeral Mass this past Friday was quite difficult. It was a devastating loss and an awful experience for all of us in the family. On a personal level, it has exhausted my energy and depleted my strength. And I cannot remove from my mind the image of his senseless and horrifying death, explained to me by the physician who dragged him out from under the vehicle (eight volunteer fireman lifted the vehicle) and who tried to administer CPR. I have come to the realization, quite grudgingly I might add, that I am not Superman. I now need some time to myself to replenish my own strength and energy before forging back into substantial 24/7 trial preparation and trial of this case.

Given all of these circumstances and the huge amount of work which needs to be done and which cannot be done in 33 days, even under optimum circumstances - - and current circumstances are far from optimum for Mr. Riley and his counsel - - I respectfully request that the trial start date be adjourned to September, 2014 or as soon thereafter as would be convenient to the Court.

I would appreciate an opportunity to appear before Your Honor for oral argument on this request.

Respectfully yours,

John F. Kaley

cc:     AUSA Telemachus Kasulis
        (Via ECF Filing and e-mail)