

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 6, 2014

**BY EMAIL & ECF**

The Honorable Robert P. Patterson
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Suite 2550
New York, New York 10007

      Re:    United States v. David Riley, 13 Cr. 339 (RPP)

Dear Judge Patterson:

      The Government respectfully offers this brief letter in further support of its opposition to defendant David Riley's third motion to adjourn the trial date, the re-scheduling of which will consume substantial additional Government resources and likely cause serious disruption to Government witnesses, many of whom are lay witnesses who live out of town.

      In his reply in support of his adjournment motion, Riley focuses principally on his claim that he needs more time to prepare a trading expert. He also acknowledges, however, that he has known about co-defendant Matthew Teeple's intended plea of guilty since May 23, and says he has known since that date that he would be unable to use the expert that he and Teeple jointly had intended to use. Riley thus presumably has at least identified and begun preparing his replacement expert over the past two weeks. He still has a full month to continue that preparation. That preparation will be aided, moreover, by the knowledge that Riley and his counsel have amassed in close study of the records; as counsel told the Court on May 12, he and Riley had been "spending months" as of that date investigating "whether [certain information was] material non-public [information] and whether trades were made based on it." (May 12 Tr. at 54; *see also id.* at 31-32.) The expert's preparation will also be aided by the fact that the trading at issue spans little over a year (September 2007 through October 2008), and relates chiefly to securities in just one company, Foundry Networks, Inc. This is hardly a sprawling case.

      A few other points that Riley raises in his letter of today warrant brief response: First, the Government will accommodate Riley's wish to call Mr. Iburg sometime before July 20. That should not delay the trial.[1] Second, the ill health of Riley's father, which Riley raised as a

---

[1] Counsel's suggestion that it was somehow improper for the Government to inquire about the identity of the witness who had the scheduling issue is unfair. The identity of the witness—and

reason for delay in May as well, is not something that an adjournment of the trial can address. These are highly unfortunate circumstances, but they are ones that exist independent of the trial date.

Finally, Riley seeks to minimize the impact that yet further delay will have on the Government and the Government's witnesses, suggesting that delay will even *benefit* the Government. To be clear, neither the Government nor the public interest is served by further delay here. Substantial governmental resources have already been deployed preparing for three separate trial dates: April 23, May 27, and July 7. Witnesses' schedules and plans have had to be changed repeatedly. The Government respectfully urges the Court to adhere to the July 7 date.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: ____/s/_____
Telemachus P. Kasulis
Sarah E. McCallum
Assistant United States Attorneys
(212) 637-2411 / 1033

Michael P. Holland
Special Assistant United States Attorney

cc: John Kaley, Esq. (by email)

---

the likely length of the witness's testimony—affects the scheduling, which is why the Government made the inquiry.