

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

Direct Dial: 212.497.7704

June 22, 2015

**BY EMAIL**

The Honorable Valerie E. Caproni
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

Re:   *United States v. David Riley*
      Case No. 13-CR-339 (VEC)

Dear Judge Caproni:

      I represent Brocade Communications Systems, Inc. ("Brocade" or the "Company"), a victim of the crimes a jury found were committed by its former employee, David Riley ("Riley"). Brocade seeks restitution from Riley under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A ("MVRA") for the attorney fees and costs it incurred in connection with the defendant's criminal prosecution and parallel SEC civil suit.[1] I write in response to Riley's June 9, 2015 letter ("Riley Ltr.") to the Court in which he takes issue with some of those charges.[2]

      After receiving Riley's letter from the government, I again reviewed my Firm's invoices and confirmed that the work done on Brocade's behalf was necessary, and that all time entries were reasonable. The work performed in connection with this matter included, but was not limited to, negotiating the scope of multiple trial subpoenas from the government and Riley for documents; reviewing, analyzing and, where necessary, redacting approximately 4,300 documents, including highly sensitive emails between the Company's most senior executives and other custodians; working with the Company's IT and legal departments and the parties to identify, produce and explain Brocade's Oracle system login data; and representing numerous

---

[1] Judge Patterson previously ordered co-defendant Matthew Teeple to pay $63,799 in restitution to Brocade, representing half of the attorney's fees and costs it incurred up to Teeple's guilty plea on May 28, 2014. Brocade has since incurred approximately an additional $90,000 in fees and costs, however, it is only seeking an additional $51,125 because that was the amount it demanded from both defendants at time of Teeple's plea (when it had not yet been billed for later fees). Despite incurring additional fees and costs, Brocade stands by its original request and, therefore, seeks a total of $114,924 in restitution from Riley.

[2] Riley has not disputed any of the fees or costs incurred prior to Teeple's plea.

Hon. Valerie E. Caproni
June 22, 2015

current and former Brocade executives and employees in connection with more than a dozen preparation sessions and trial testimony.

      All of this work was performed with an eye towards efficiency and cost effectiveness. For example, rather than use associates from my firm to conduct the primary document review, we retained contract attorneys whose billing rate – $45/hour – was a fraction of associate rates. This decision alone resulted in a cost savings of tens of thousands of dollars. Similarly, in contrast to my normal practice, I attended the preparation sessions alone, without the assistance of an associate or paralegal. When the government insisted on doing pre-trial preparation with four Brocade employees at the company's San Jose headquarters, I did not charge for any of my travel time across the country. Finally, as a long-time client, my Firm gave Brocade a 10% across-the-board discount on all billing rates. These and other cost-saving efforts have resulted in a significant reduction in legal fees and costs.

      As for Riley's specific criticism of the invoices, I respectfully submit that they are entirely baseless. For example, Riley suggests that associate Craig Bolton's time reflected on the July 14 invoice "largely should be excluded" because it consisted of "coordinating logistics and reviewing some documents." Riley Ltr. at 1. As noted above, as a cost savings measure, I utilized contract attorneys to review the thousands of emails the parties sought from Brocade for privilege and responsiveness. It would have been irresponsible to not have at least one firm attorney familiar with the matter train these contract attorneys, oversee their review, and verify that it was being done correctly and accurately. Even had I utilized associates from my firm instead of contract attorneys to conduct the primary review, a more experienced attorney would still be necessary to provide some oversight and secondary review. I could have performed these functions myself, but again, we were focused on cost effectiveness, and Mr. Bolton was qualified to perform these functions at a substantially lower billing rate.

      Without any explanation or support, Riley also baldly contends that time entries by Jason Parkhouse and Anthony Geritano related to document processing and production should be stricken. The assistance of individuals like Mr. Parkhouse, a data analyst who specializes in electronic discovery, and Mr. Geritano, a paralegal, are necessary for any document review and production, especially one that involves electronically stored information. Their experience and relatively low billing rates make them particularly cost effective for providing such assistance.

      Finally, Riley asserts that because I participated in witness preparation, there was no reason for me to attend the trial when my clients testified. Respectfully, this is absurd. Any witness should have the right to have his or her attorney present while giving testimony. Here, my clients, Daniel Fairfax, Michael Iburg, Scott Walter and Karthick Manoharn, none of whom had ever testified before, were giving testimony at a high-profile public criminal trial that potentially implicated their employer's confidential, proprietary information. It was certainly reasonable for my clients – Brocade and its employees – to expect that I be present during this testimony. Indeed, my ethical duties to my clients demanded that I be. In any event, this point is

Hon. Valerie E. Caproni
June 22, 2015

entirely moot, as Brocade is not claiming any fees associated with my attendance at the trial as they were incurred after Teeple was sentenced and Brocade made its request for restitution.

   For the foregoing reasons, Brocade respectfully submits that Riley be order to pay Brocade $114,924 in restitution under the MVRA.

              Sincerely,

              WILSON SONSINI GOODRICH & ROSATI
              Professional Corporation

              Morris J. Fodeman
              *Attorney for Brocade*

cc:  AUSA Telemachas Kasulis
    AUSA Sarah McCallum
    *Attorneys for the Government*

    John Kaley
    *Attorney for David Riley*