

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 16, 2015

**<u>BY ELECTRONIC MAIL</u>**

Honorable Valerie E. Caproni
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *David Riley*, 13 Cr. 339 (VEC)

Dear Judge Caproni:

      The Government respectfully submits this letter in connection with the restitution component of the sentencing of defendant David Riley ("Riley"). On June 11, 2015, the Court ordered the Government to indicate which costs listed on the post-May 28, 2014 invoices provided by Brocade Communications Systems, Inc. ("Brocade") would be properly ordered to be paid as restitution pursuant to 18 U.S.C. § 3663A.

      The Government respectfully submits that all of the costs set forth in the Brocade invoices are recoverable as restitution in this matter. Section 3663A contemplates recovery for "necessary . . . other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). "Other expenses" include attorneys' fees. *See United States* v. *Gupta*, 925 F. Supp. 2d 581, 584 (S.D.N.Y. 2013) (citing *United States* v. *Amato*, 540 F.3d 153, 159-60 (2d Cir. 2008)). While Brocade also might be permitted to recover for the expenditure of Brocade employee time and resources cooperating with the investigations by the Government and the Securities and Exchange Commission, Brocade is limiting its request to the costs incurred by external counsel and their consultants.

      In addition, Brocade is not even seeking to recover from Riley the full $90,000 in costs it incurred after the plea of co-defendant Matthew Teeple. Instead, Brocade seeks only $51,125 in costs for the time since Teeple's plea because that was the sum that Brocade calculated when it put in its restitution demand in connection with Teeple's sentencing (when it had not yet been billed for later fees).

      Riley offers no persuasive argument against including the costs in the invoices as restitution. Leaving aside his baseless requests to exclude costs associated with gathering, reviewing, and producing documents – and drafting a related protective order – Riley complains that: (1) counsel attended the *Riley* trial; (2) counsel worked on restitution matters in connection with Teeple's sentencing; and (3) the consulting fees in the invoices are provided without supporting data.

June 16, 2015
Page 2

       These complaints are unfounded.   Section 3663A explicitly contemplates recovery for costs associated with "attendance at proceedings related to the offense."  18 U.S.C. § 3663A(b)(4).  And if counsel had not performed the restitution calculation in connection with the Teeple sentencing, it obviously would have to have been done for the first time in connection with Riley's sentencing.  Finally, the consulting fees represent funds paid to a third-party vendor Brocade used in connection with email review and production in response to requests by the investigating bodies.

       Accordingly, the Government respectfully submits that the Court should order that Riley pay $114,924 in restitution to Brocade, representing: (1) Riley's $63,799 share of the pre-May 28, 2014 costs incurred by Brocade; and (2) $51,125 in costs incurred by Brocade during the time when Riley alone was a defendant in this case.

       Thank for your consideration of this matter.

       Respectfully submitted,

       PREET BHARARA
       United States Attorney for the
       Southern District of New York

By:_____/s/_____
       Telemachus P. Kasulis
       Sarah E. McCallum
       Assistant United States Attorneys
       (212) 637-2411 / 1033

cc:    John Kaley, Esq. (via electronic mail)